# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| WINSTON GAILLARD, etc., | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 12-0228-WS-N |
| | ) |
| CITY OF SATSUMA, et al., | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

This matter is before the Court on the defendant's motion to exclude the testimony of plaintiff's expert Melvin Tucker. (Doc. 64). The parties have submitted briefs and evidentiary materials in support of their respective positions, (Docs. 65, 73), and the motion is ripe for resolution.

## BACKGROUND

As set forth in more detail in other orders, the plaintiff's decedent ("Jermaine") was killed when, as he and Hillary Baldwin were running from police officers after abandoning Baldwin's vehicle at the conclusion of a high-speed chase, he was struck by a vehicle driven by defendant Samuel Commins, an officer with the Satsuma Police Department. Officer Commins is the sole remaining defendant. The two surviving claims against him are a Section 1983 claim for use of excessive force in violation of the Fourth Amendment and a wrongful death claim under state law.

Melvin Tucker is expected to testify for the plaintiff that: (1) the defendant's pursuit of Baldwin's vehicle violated national police standards and Satsuma Police Department procedure; (2) the defendant's use of deadly force against Jermaine was excessive and did not comply with national police standards

or Satsuma Police Department policy; (3) the defendant lacked sufficient evidence to form a reasonable belief that Jermaine posed a threat of serious bodily harm or death if allowed to escape; and (4) that the defendant's use of deadly force was not necessary, justified or reasonable. (Doc. 74 at 12-13).

The defendant argues that Tucker's opinions should be excluded in their entirety as merely preliminary. He also argues that certain of Tucker's opinions should be excluded on various grounds.[1]

**DISCUSSION**

"Expert testimony may be admitted into evidence if: (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical or specialized expertise, to understand the evidence or to determine a fact in issue." *City of Tuscaloosa v. Harcros Chemicals, Inc.*, 158 F.3d 548, 562 (11th Cir. 1998) (footnote omitted) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

**I. Preliminary Opinions.**

In July 2012, Tucker produced a report in which he expressed his "preliminary opinions." (Doc. 73-1 at 5). He classified his opinions as preliminary "because I have been advised that discovery is on-going and I will

---

[1] The defendant has filed both a motion and a supporting brief. This practice is of itself unobjectionable, but the defendant has interspersed his arguments between the two documents, such that some arguments appear in one filing, some in the other. Worse, some arguments appear in both but are inconsistently worded. It is inappropriate for a party so to distribute its arguments, needlessly requiring detective work by the Court and the party's opponent. The defendant bears the resulting risk that an argument, or a non-identical iteration of an argument, will be overlooked.

receive additional materials to review before trial in this matter." (*Id*.). He essentially repeated this at his August 2012 deposition. (Doc. 65 at 6-7).

As the plaintiff notes, (Doc. 73 at 2-3), the opinions Tucker articulated in his July 2012 report and his August 2012 deposition are the same opinions the plaintiff expects him to offer at trial in November 2014. Regardless of whether they were "final" two years ago, they are final now.

The defendant points to Tucker's testimony that he ordinarily would review deposition testimony before finalizing his opinions, (Doc. 65 at 6),[2] and he notes the requirement of an amended expert report and/or supplemental expert disclosures to identify additional "facts or data considered by the witness in forming" his opinions. (*Id*. at 7).[3] The defendant finds it "[s]ignifican[t]" that no such supplementation has occurred here, (*id*.), but he does not articulate the significance. Given the thrust of his motion, the Court concludes the defendant is suggesting that Tucker has not reviewed deposition testimony and that his opinions thus must remain preliminary.

If Tucker, despite the lack of an updated report or supplemental disclosures, has considered deposition testimony since providing his report and deposition, then his opinions are final even under the defendant's argument. The plaintiff, however, by asserting that "there is no new information" since Tucker's deposition, (Doc. 73 at 3), suggests that Tucker has not considered deposition testimony.

If Tucker has not considered deposition testimony or other evidence that the defendant believes he should have considered, the defendant is free to argue to the jury that his opinions should for that reason not be credited, but his opinions do

---

[2] Tucker did not rely on any deposition testimony in creating his report or in testifying at deposition. (Doc. 73-1 at 4, 26). The defendant's deposition was taken in November 2012, after Tucker's report and deposition. (Doc. 27-1 at 2).

[3] Fed. R. Civ. P. 26(a)(2)(B)(ii), 26(a)(2)(E), 26(e)(2).

not remain perpetually preliminary simply because they do not account for all available evidence. Tucker did not testify that he could not finalize his opinions without first considering deposition testimony, only that he typically reviews deposition testimony and that he understood he would be provided such testimony in this case. (Doc. 65 at 6-7).

The defendant notes that expert testimony must be "based on sufficient facts or data,"[4] but he does not explain, factually or legally, how Tucker's failure to consider deposition testimony could prevent his opinions from being based on sufficient facts or data. (Doc. 65 at 7). On the contrary, the defendant offers Tucker's testimony that he relied on "enough relevant data" to form his opinions. (*Id*. at 6).

Similarly, the defendant suggests that Tucker's "preliminary opinions" are for that reason not "reliable" under *Daubert*, (Doc. 64 at 2), but he engages in no analysis that could permit the Court to draw such a conclusion. Certainly the measures of reliability which the defendant lists, (Doc. 65 at 4), are not implicated, even remotely. As noted, Tucker's opinions are no longer preliminary but final, and any failure by Tucker to consider deposition testimony – whatever its effect on the weight a jury might afford his opinions – does not affect their admissibility.

The defendant frets that, at trial, Tucker could testify that he has in fact considered deposition testimony. (Doc. 65 at 8). As noted, this would moot the defendant's "preliminary opinion" argument while raising issues under Rules 26(a)(2) and 26(e)(2). But any such issues are at this point hypothetical and unbriefed, and the Court will not muse on the consequences of such an eventuality.

The defendant further predicts that, at trial, Tucker could testify that he has not considered deposition testimony but then proceed to do so for the first time on the witness stand, perhaps when cross-examined as to his failure to consider such

---

[4] Fed. R. Evid. 702(b).

4

testimony. (Doc. 65 at 8). Whatever the consequences if such a possibility is realized, they do not include the pre-trial exclusion of Tucker's opinions.

## II. Intent.

Tucker in his deposition testified that the defendant's striking of Jermaine "looked absolutely intentional to me." (Doc. 65 at 8). Since no opinion regarding intent is included in Tucker's report or in the joint pretrial document, it does not appear that he is offered for the purpose of providing such testimony. In an abundance of caution, the defendant seeks to exclude such testimony. (*Id*. at 8-10). The plaintiff agrees that Tucker cannot opine as to the defendant's intent vel non in striking Jermaine, (Doc. 73 at 3), as does the Court.[5]

## III. Objective Reasonableness.

As noted, Tucker is expected to testify that the defendant's "use of deadly force to apprehend Jermaine Gaillard was not necessary, justified or reasonable." (Doc. 74 at 12-13). The defendant argues that testimony that a use of force was not objectively reasonable constitutes the impermissible rendering of a legal conclusion. (Doc. 64 at 3; Doc. 65 at 10).

"[T]estifying experts may not offer legal conclusions …." *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County*, 402 F.3d 1092, 1112 n.8 (11th Cir. 2005). However, "[a]n opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a); *accord Cook*, 402 F.3d at 1112 n.8. The defendant offers no authority to support the proposition that an opinion concerning objective reasonableness constitutes a legal conclusion rather than an ultimate issue, and his mere ipse dixit shifts no burden to the Court to investigate and develop support for his position. However, the Court notes that "what a reasonable man would have done under [the] circumstances" is considered "an

---

[5] The plaintiff suggests this issue should be addressed in a future motion in limine. (Doc. 73 at 3-4). The Court perceives no reason to delay its ruling.

5

opinion on an ultimate issue" and generally admissible under Rule 704(a). *Arcement v. Southern Pacific Transportation Co.*, 517 F.2d 729, 732 (5th Cir. 1975); *see also Zaken v. Kelley*, 370 Fed. Appx. 982, 986 (11th Cir. 2010) ("The ultimate issue is whether the officer's actions are objectively reasonable in light of the facts confronting the officer ….") (internal quotes omitted).

To the requirement of Rule 401 that evidence possess a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable," Rule 702 adds that expert evidence must "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). "By this requirement, expert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person." *United States v. Frazier*, 387 F.3d 1244, 1262-63 (11th Cir. 2004). The defendant denies that the reasonableness vel non of his conduct is beyond the understanding of the average lay person. (Doc. 64 at 3). The only case on which he relies, however, did not concern a question of the objective reasonableness of a law enforcement officer's use of force against an arrestee, but the subjective mental state of officers using force against inmates. The Court's cursory research indicates that expert testimony that an officer's actions were or were not objectively reasonable may, depending on the circumstances, assist the trier of fact. *E.g., Kopf v. Skyrm*, 993 F.2d 374, 378-79 (4th Cir. 1993). Since the defendant has neither cited nor applied this line of cases, the Court declines to consider whether they would or would not support his position under the circumstances of this case.

As the plaintiff notes, (Doc. 73 at 6), this may be a tempest in a teapot. Regardless of whether Tucker testifies that the defendant's use of deadly force to arrest Jermaine was objectively unreasonable, the defendant himself has admitted that the use of deadly force against Jermaine would be "unjustified" because Jermaine "didn't show any reason for any deadly force." (Doc. 73-3 at 3-4).

## IV. Opinions Concerning Vehicle Chase.

The defendant argues that all of Tucker's opinions concerning the vehicle chase are irrelevant because the chase had ended before Jermaine was struck. He notes that Tucker acknowledged that, for purposes of developing his opinions "with respect to the objective reasonableness standard," the "totality of circumstances" he considered began after Jermaine exited Baldwin's vehicle. (Doc. 65 at 10-12). The Court agrees that, given Tucker's concession concerning the starting point of the "totality of the circumstances," his opinions concerning the vehicle chase are irrelevant to the plaintiff's federal claim.

However, the plaintiff also presses a state claim for wrongful death. As the plaintiff notes, (Doc. 73 at 6-7), only punitive damages are available in such an action, and the amount of such damages "'should be directly related to the amount of wrongdoing on the part of the defendant.'" *Atkins v. Lee*, 603 So. 2d 937, 943 (Ala. 1992) (quoting Alabama Pattern Jury Instruction (Civil) 11.18). The defendant has not attempted to show that only his actions after Jermaine exited his vehicle are relevant to "the amount of [his] wrongdoing" for purposes of the wrongful death claim.

## CONCLUSION

For the reasons set forth above, the defendant's motion to exclude the testimony of Melvin Tucker is **granted** to the extent it seeks to preclude Tucker from offering any opinion as to the defendant's intent. In all other respects, the motion is **denied**.

DONE and ORDERED this 21st day of October, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE