# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| WINSTON GAILLARD, etc., | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) CIVIL ACTION 12-0228-WS-N |
| CITY OF SATSUMA, et al., | ) |
| Defendants. | ) |

## ORDER

This action is before the Court on the plaintiff's motion in limine. (Doc. 83). The defendant has filed a response, (Doc. 90), and the motion is ripe for resolution.

**I. Criminal Charges and/or Convictions.**

The plaintiff invokes Rules 404(b) and 403 to preclude evidence that his decedent had one or more prior criminal convictions and had pending charges at the time of his death. (Doc. 83 at 1). The defendant asserts he does not seek to introduce this evidence in order to show the decedent's bad character. (Doc. 90 at 1).

The defendant points out that the plaintiff has indicated he will argue that the defendant violated the standards for vehicle pursuit and that such conduct is part of the wrongdoing for which punitive damages should be awarded under his wrongful death claim. (Doc. 90 at 2).[1] The defendant argues that whether, and to what extent, the vehicle pursuit was wrongful or reasonable depends in part on what the pursuing officers knew of the decedent's criminal history. Even though

---

[1] The plaintiff has plainly made this argument. (Doc. 73 at 6-7).

the defendant did not know the decedent's criminal history, he was following other law enforcement officers (including his superior) who were aware of that history. (*Id*. at 2-3).

The Court does not know enough about how the plaintiff will present his claim to grant his motion. It may be that the plaintiff will abandon any reliance on irregularities in the vehicle pursuit, or it may be that he will address only perceived deficiencies in the pursuit as to which the decedent's criminal history, and the pursuing officers' awareness of it, are irrelevant. At this point, however, the Court cannot say. Accordingly, the plaintiff's motion is **denied**, without prejudice to his ability to renew the motion, if and as appropriate, at trial.[2]

**II. Present Criminal Conduct.**

There is evidence that the decedent was transporting illegal drugs at the time of the vehicle pursuit and that the pursuit was in response to this information. The plaintiff argues that evidence the decedent was transporting drugs should be excluded under Rule 404(b) and because, since he died before charges were brought, they were abated. (Doc. 83 at 1-2).

Pending criminal charges may abate when the defendant dies prior to a final conviction,[3] but that principle hardly renders criminal conduct irrelevant to a civil proceeding. And, as the defendant notes, (Doc. 90 at 4), evidence of the decedent's criminal conduct at the time of his death is not offered to prove his character but to "complete the story" of why the chase occurred and why it continued as it did after the decedent abandoned the vehicle. The plaintiff's motion is **denied**.

---

[2] Because the issue will not by then be resolved, the defendant is **ordered** not to suggest to the venire during jury selection, or to the jury in opening statement, that the decedent had a criminal history.

[3] *See, e.g., United States v. Koblan*, 478 F.3d 1324, 1325 (11th Cir. 2007).

**III. Testimony Regarding Events.**

The plaintiff seeks to exclude witness testimony concerning any of the events depicted on the defendant's car camera, on the grounds that the video "more accurately convey[s]" what occurred than could eyewitness testimony. (Doc. 83 at 2). The plaintiff identifies, and the Court is aware of, no rule that precludes testimony simply because there is additional evidence in the form of video images. He does not invoke *Scott v. Harris*, 550 U.S. 372 (2007), nor has he shown that the video so conclusively establishes all relevant facts concerning the critical few seconds before impact that no properly functioning jury could credit an eyewitness account.[4] The plaintiff's motion is **denied**.

**IV. Influence of Adrenaline.**

The plaintiff argues that defense expert Ken Katsaris is unqualified to render an opinion as to whether the defendant was acting under the influence of adrenaline. (Doc. 83 at 2). The plaintiff has already raised this argument, which the Court has rejected. (Doc. 81 at 4-5). That ruling stands, and Katsaris will be permitted "to testify as to those indicators [of adrenaline-affected driving] and whether … they appear to have been present or absent." (*Id*. at 5). The plaintiff's motion is **denied**.

**V. Mental State.**

The plaintiff seeks to preclude Katsaris from testifying as to whether the defendant acted intentionally. (Doc. 83 at 3). The Court has already ruled that Katsaris "cannot offer any opinion that there is no evidence the defendant intentionally struck" the decedent. (Doc. 81 at 5). That ruling stands, and the plaintiff's motion is thus **denied as moot**.

---

[4] On appeal, the Eleventh Circuit noted that the video's vision of field is narrower than the whole. (Doc. 56 at 7 n.2).

The heading of this section (but not its body) seeks to preclude Katsaris from testifying that the defendant was negligent when he struck the decedent. (Doc. 83 at 3). The defendant disavows any intent of eliciting such testimony; instead, the defendant indicates he will elicit opinions concerning the consistency of the defendant's conduct with an effort to establish a perimeter and concerning the defendant's lack of time to take evasive action. (Doc. 90 at 6). Because the defendant does not intend to elicit opinion testimony that the defendant was merely negligent, to this extent the motion is **denied as moot**.

## VI. Pursuit.

The plaintiff seeks to exclude testimony from Katsaris that the pursuit had ended before the impact. (Doc. 83 at 3-4). The defendant has confirmed that Katsaris will not offer any such testimony, because he agrees that the pursuit continued throughout. (Doc. 90 at 6-7). Accordingly, the plaintiff's motion is **denied as moot**.

## VII. Tripping.

The plaintiff seeks to preclude defense expert Joey Parker from testifying that the decedent tripped and fell before impact with the defendant's vehicle, on the grounds that whether he did so is "immaterial" to the case. (Doc. 83 at 4). The plaintiff previously raised this argument, and the Court rejected it because the plaintiff did not explain how such testimony could be immaterial. (Doc. 81 at 4). He still does not do so. To the extent he believes the decedent would have been struck whether or not he had tripped and fallen, he has not shown that no properly functioning jury could find otherwise. The plaintiff's motion is **denied**.

DONE and ORDERED this 29th day of October, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE